**IT IS ORDERED as set forth below:**

Date: May 2, 2016

_____
**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**STEVEN TERRINCE WARD AND ELLA WOODGETT WARD,**<br><br>Debtors. | CHAPTER 13<br><br>CASE NO. **15-69419 - BEM** |
| **NATIONSTAR MORTGAGE, LLC,**<br><br>Movant,<br>v.<br><br>**STEVEN TERRINCE WARD AND ELLA WOODGETT WARD,** DEBTORS, AND **MARY IDA TOWNSON**, TRUSTEE,<br>Respondents. | CONTESTED MATTER |

## CONSENT ORDER

This matter comes before the Court on the Motion for Relief from Automatic Stay filed by Nationstar Mortgage, LLC, on March 21, 2016, and having been scheduled for a hearing on April 12, 2016 regarding real property now or formerly known as 3762 N Camp Creek Pkwy, Atlanta, GA 30331 (hereinafter referred to as the "Property") and the parties herein having reached an agreement.

The parties herein are in agreement that the post-petition mortgage arrearage owed to Movant as of April 12, 2016 is $2,008.31. This figure is comprised of the March 2016 through April 2016 monthly mortgage payments at $683.00 each, attorney`s fees and costs at $1,026.00, less a suspense balance of $383.69. Debtor(s) will be required to make a payment to Movant in certified funds in the amount of $2,008.31 on or by April 22, 2016.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

Debtor(s) shall be required, beginning May 2016 to pay to Movant all future monthly mortgage payments when due. These mortgage payments as well as the payments necessary to cure the post-petition mortgage arrearage shall be governed by a Strict Compliance Clause as outlined herein below and said Clause shall remain in effect for a period of six (6) months beginning May 2016. Upon failure by Debtor(s) to make any of these payments to Movant when due, the Automatic Stay may be modified as to the Property subject to the following conditions and allow Movant to proceed to foreclose or otherwise dispose of the Property or take action including exercising its state law remedies including, but not limited to, dispossessory proceedings, or to take any action which is necessary in order for Movant to recover upon its secured claim to the Property.

Upon failure by Debtor(s) to tender to Movant the above-stated funds as provided herein, and upon notice of default sent by first class mail to Debtor(s) and Debtor(s) attorney at the address indicated on the attached distribution list, and failure by Debtor(s) to cure the default within 10 days of such notice, Movant may file a motion and affidavit of default with the Court, with service upon Debtor(s) and Debtor(s) attorney, and the Court may enter an Order modifying the automatic stay, waiving the 14-Day Stay of Bankruptcy Rule 4001(a)(3), without further notice or hearing. In the event an Order modifying the automatic stay is entered, Trustee is to cease funding any pre-petition arrearage claim.

Any excess proceeds derived from a foreclosure sale by Movant shall be remitted to the Chapter 13 Trustee. At its option, Movant may contact Debtor(s) via telephone or written

correspondence to offer, provide or enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement including a deed in lieu as allowed by state law. The entry of this order does not absolve Debtor(s) of the duty to file any necessary pleadings, amendments, or plan modifications that may be required with regard to such a loan modification.  As part of this Consent Order, Movant has advised Debtor(s), Debtor(s) counsel and the Chapter 13 Trustee that, in the event Debtor(s) fail(s) to comply with terms of this Order, Movant intends to request in its Default Motion that the provision of Fed. R. Bankr. P. 3002.1 will not apply to Movant upon entry of an Order Modifying the Automatic Stay. The Court has made no determination as to the applicability of Fed. R. Bankr. P. 3002.1 should an Order Modifying Stay be entered in the future.

**[END OF DOCUMENT]**

CONSENTED TO BY:
/s/Taylor Mansell
Taylor Mansell
Georgia Bar No. 940461                                          (770) 392-0303 Telephone
Shapiro, Pendergast & Hasty, LLP                                (770) 392-0909 Facsimile
211 Perimeter Center Parkway
Suite 300                                                       ATTORNEY FOR MOVANT
Atlanta, GA 30346        **Signatures continued on the following page**


          /s/          with Express Permission to Taylor Mansell to sign
A. Allen Hammond
Georgia Bar No. 321659
122 South Main Street
Jonesboro, GA 30236
(770) 603-6572 Telephone
(770) 692-6249 Facsimile



NO OPPOSITION

          /s/          with Express Permission to Taylor Mansell to sign
Sonya M. Buckley, Staff Attorney for Mary Ida Townson
Georgia Bar No. 140987
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740
(404) 525-1110 Telephone

DISTRIBUTION LIST

Steven Terrince Ward
Ella Woodgett Ward
3762 North Camp Creek Pkwy
Atlanta, GA 30331

A. Allen Hammond
122 South Main Street
Jonesboro, GA 30236

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740

Shapiro Pendergast & Hasty, LLP
211 Perimeter Center Parkway
Suite 300
Atlanta, GA 30346